**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM C. MCDOW III, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| TENNESSEE DEPARTMENT OF HUMAN SERVICES; CHILD SUPPORT SERVICES, COVINGTON OFFICE; COMMISSIONER OF TENNESSEE DEPARTMENT OF HUMAN SERVICE, in official capacity; COMMISSIONER OF SOCIAL SECURITY, in official capacity; and DOES 1–10, | ) ) ) ) ) ) ) ) ) ) | No. 2:26-cv-02472-SHL-cgc |
| Defendants. | ) | |

**ORDER DIRECTING PLAINTIFF TO COMPLY WITH RULE 65**

Before the Court is pro se Plaintiff William C. McDow III's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, filed April 27, 2026. (ECF No. 3.) McDow seeks both a temporary restraining order ("TRO") and a preliminary injunction prohibiting Defendants from withholding his income for past-due child support payments and compelling Defendants to provide documents to validate his debt. (Id. at PageID 62.)

Under the terms of his 1998 divorce, McDow was required for some years to pay $400 per month in child support. (ECF No. 2-1 at PageID 35.) As of September 2025, he still owed $18,400. (Id.) A series of letters from the Social Security Administration show that, at least since October 2024, Social Security has removed $400 from his monthly benefits check. (Id. at PageID 28–31, 36–38.) More recently, in an April 16, 2026 letter, Child Support Services of Covington, Tennessee, notified McDow that his employer or payer of income would also begin

withholding income pursuant to Tennessee Code Annotated § 36-5-501 to satisfy his child support obligations.  (Id. at PageID 16.)

McDow asserts that, after he "has already suffered withholding from Social Security income," he "now faces expanded withholding against wages and/or other income before Defendants have produced a complete verified accounting" to prove the validity of his debt. (ECF No. 3-1 at PageID 68.)  Because his debt has not been verified, he argues, the Court should issue a TRO and a preliminary injunction restraining Defendants from withholding his income.

However, it is not clear whether McDow seeks a TRO with or without notice to Defendants.  On the one hand, he appears to seek an expedited, ex parte TRO under Federal Rule of Civil Procedure 65(b)(1).  Indeed, in the thirteen-page Motion he uses the word "emergency" twenty times, seeking the Court's "immediate consideration."  But, on the other hand, he states that he "will serve" the Motion and the complaint on Defendants (ECF No. 3 at PageID 64), indicating to the Court that the situation may be somewhat less dire.

Under Rule 65, a TRO can be issued without notice to the adverse party if

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  Here, McDow has met neither requirement.  He does not include facts in his Verified Complaint showing an immediate and irreparable injury.  Instead, he argues only that "income withholding affects subsistence funds needed for basic living, work, transportation, and stability."  (ECF No. 2 at PageID 9.)  But "[t]he fact that an individual may lose his income for some extended period of time does not result in irreparable harm, as income wrongly withheld may be recovered through monetary damages in the form of back pay."  Overstreet v.

Lexington-Fayette Urb. Cnty. Gov't, 305 F.3d 566, 579 (6th Cir. 2002) (citing Sampson v. Murray, 415 U.S. 61, 90 (1974)).  So McDow cannot show an irreparable injury.

Further, although McDow indicates that he "will serve" the Motion and the complaint on Defendants (ECF No. 3 at PageID 64), he has not yet submitted proof of service.  If McDow seeks a TRO without notice, he is directed to comply with Rule 65.  If, however, he intends to notify Defendants first, he is directed to file proof of service on the docket and await their responses.  Without proper compliance with the Rule, the Court will not consider the request for injunctive relief in an expedited manner.

**IT IS SO ORDERED,** this 28th day of April, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

3